IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW ALEXANDER KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 21-cv-1698-DWD |
| | ) |
| UNITED STATES OF AMERICA. | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This action is before the Court on a Motion for Summary Judgment (Doc. 19) filed by the United States of America. Plaintiff Matthew Alexander King, a former inmate of the Federal Bureau of Prisons (BOP)[1], originally filed this case in state court, but the United States removed the case to this Court in reliance on the Westfall Act, 28 U.S.C. § 2679(b)(1), and 28 U.S.C. § 1442(a)(1). The Westfall Act grants federal employees' absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *See id.*, Osborn v. Haley, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(b)(1)). It amended the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Id.* at 230. Claims in cases removed under the Westfall Act are governed by the FTCA, which requires a plaintiff to raise a claim with

---

[1] At the time Plaintiff filed this lawsuit, he was detained at the United States Penitentiary (USP) in Marion, Illinois. The Defendant indicates that he has since been released to state officials in Florida, and his present address is unknown. He was detained at Marion at the time the Motion for Summary Judgment was filed. (Doc. 21).

the federal agency prior to initiating litigation. The United States argues that it is entitled to summary judgment on Plaintiff's claims because he did not exhaust his claims prior to filing suit. Plaintiff has not responded to the motion for summary judgment. For reasons explained herein, the motion will be granted.

## CONCLUSIONS OF LAW

A. Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

B. Analysis

The United States argues that Plaintiff cannot proceed on his claims because the FTCA provides that an action cannot be instituted for money damages until the claimant has first presented the claim to the appropriate federal agency and the agency has rendered a final decision on the claim. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-13 (1993). In support of the contention that Plaintiff has not exhaust his claims, the United States provided a declaration from Nina Fields, a Legal Assistant for the North Central Regional Office of the BOP. (Doc. 19-1). Fields averred that she reviews all incoming administrative tort claims and enters them into a database. Fields searched the database but found no tort claims submitted by Plaintiff. (Doc. 19-1 at ¶5).

Thus, the United States argues that Plaintiff did not meet the exhaustion requirement under the FTCA, and his claims should be dismissed.

The United States sent Plaintiff a Notice about the need to respond to the motion for summary judgment (Doc. 20), but Plaintiff did not file a response. The record does not contain any evidence that refutes the appropriateness of summary judgment for failure to exhaust. The law is unequivocal, a Plaintiff must present his claim to the agency for resolution before starting a lawsuit. *See e.g., Chronis v. United States*, 932 F.3d 544, 546-57 (7th Cir. 2019) (a claim is presented to a federal agency if Plaintiff has submitted a Standard Form 95, or if he has submitted a written notification of the issue and a demand for money damages). Accordingly, the Court finds it appropriate as a matter of law to grant summary judgment in favor of the United States, to dismiss Plaintiff's claims for failure to exhaust, and to close this case.

The United States also recently filed a Motion to Dismiss for Lack of Prosecution (Doc. 21). In the Motion, the United States indicates that it recently learned in a separate matter filed by Plaintiff (*King v. Hill, et al.*, 21-cv-1719-JPG) that Plaintiff was no longer detained at the United States Penitentiary in Marion. Counsel contacted the BOP to ascertain Plaintiff's new address and learned that he had been released to Florida state officials. Per Local Rule 3(b), the Court previously advised Plaintiff that he was required to keep the Court on notice of any changes of address. (Doc. 11). Plaintiff has obviously failed to keep the parties advised about his whereabouts. Plaintiff's failure to do so amounts to a failure to prosecute, which could also result in the dismissal of this lawsuit.

Because the motion for summary judgment is proper, the Court denies the Motion to Dismiss for Lack of Prosecution as MOOT.

## Disposition

**IT IS HEREBY ORDERED THAT** the Motion for Summary Judgment filed by the United States (Doc. 19) is **GRANTED**. **Claims 3-5** against the United States are dismissed because Plaintiff failed to exhaust these claims as required by the FTCA. The Motion to Dismiss for Lack of Prosecution (Doc. 21) is **DENIED** as **MOOT**. This resolves all pending claims in this lawsuit, so the Clerk of Court is **DIRECTED** to enter judgment accordingly and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: December 30, 2022

_____
DAVID W. DUGAN
United States District Judge